Judgment reversed because contrary to law and final judgment is here rendered according to the view here expressed.

The administrator is allowed $25 for his attorney's fee in this court, in addition to the amount ordered below.

**Marvin** and **Winch, JJ.,** concur.

---

### ERROR—TRIAL.

[Summit (8th) Circuit Court, October 12, 1910.]

Henry, Marvin and Winch, JJ.

HANNAH M. WYLIE v. NETTIE E. KING.

1. **Discretion as to Order of Presentation of Evidence.**

In an action upon a promissory note against a maker and two endorsers, where the maker pleads forgery of her name and the plaintiff and endorsers claim the maker's signature is genuine, it is not an abuse of discretion to permit the endorsers to introduce evidence of the genuineness of the maker's signature after she has rested her defense.

2. **Failure to Object to Omission of Jury to Answer Special Interrogatory Not Reversible Error.**

A judgment will not be reversed because the trial judge received the jury's general verdict without requiring an answer to be returned to a special interrogatory, when it appears that the

parties were in court when the verdict was returned and made no objection to the omission complained of, or that the question asked, if answered, would not have tested the correctness of the general verdict.

## HENRY, J.

The action below was founded upon a promissory note as follows:

$525.85                                 Akron, O., Feb. 9th, 1906.

"Two years after date or previous death after date I promise to pay to the order of myself five hundred and twenty-five and 85-100 dollars, at Second National Bank, Akron, O. Value received, with interest at eight per cent per annum after maturity.

"Mrs. Hannah M. Wylie."

Said note is endorsed:

"Demand, notice of non-payment, protest and diligence in collection waived.

"Mrs. Hannah Wylie,
"C. F. Chamberlain,
"O. A. Hoyt."

The defendant, Hannah Wylie, answered that her signatures were forged. The defendants, Hoyt and Chamberlain, answered admitting their secondary liability, denying the alleged forgery and praying that judgment fixing primary liability upon the defendant, Hannah Wylie, might be rendered.

Upon trial to a jury verdict and judgment were rendered against all the defendants. Hannah Wylie seeks by petition in error here to reverse this judgment.

The note is claimed to have been given by Mrs. Wylie in payment of the first premium on a life insurance policy issued to her through Hoyt and Chamberlain, agents of the insurer. Mrs. King, the plaintiff below, became the *bona fide* endorsee of the note from Hoyt and Chamberlain.

Among the errors complained of is the alleged abuse of discretion by the trial court in permitting Hoyt and Chamberlain, after the defendant had rested, to introduce expert testimony upon handwriting to defeat her defense of forgery. Seasonable

protest had been made that all such evidence ought to be introduced in connection with plaintiff's case in chief. But in the triangular case which resulted from the raising of an issue between the defendant Wylie and the other defendants below, it was impossible to exclude the defendants Hoyt and Chamberlain from their right to reply to their codefendants' defense of forgery by allegation and evidence that her signature was genuine. It follows that no abuse of the trial court's discretion can be predicated of its ruling.

Error is also assigned upon the court's reception of the jury's general verdict without any answer being returned by them to a special interrogatory submitted at the request of the defendant Wylie. Either of two complete answers may be made to this contention: First, that in contemplation of law the parties were in court when the verdict was returned and should then and before the jury's discharge, have objected to the omission complained of. Secondly, that the interrogatory was not such as that an answer thereto would tend to test the correctness of the general verdict. The interrogatory is as follows: "Was the defendant, Hannah M. Wylie, at her home in Akron, on Friday, February 9, A. D. 1906, from 8 o'clock a. m. to 4 o'clock p. m.?" The testimony tended to prove that the execution of this note by Mrs. Wylie took place at her home on this date and between these hours. But an answer, either yes or no, to the question as submitted would not necessarily have indicated that she was continuously present or absent during the whole period named. The trial court said to the jury on submitting this interrogatory "This question is not decisive of the question in the case, but is merely a finding of fact or interrogatory to be answered by you on one feature of it." This, also, is complained of as error. But the court's observation was literally true. It was not the controlling issue. That issue was simple, viz: were Mrs. Wylie's signatures genuine? The court's charge is not very elegant in style, but it sufficiently indicated the point in controversy and the jury's duty. Upon consideration of all the evidence we are impressed that the jury's verdict was right and the judgment is therefore affirmed.

**Winch and Marvin, JJ.,** concur.